UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE W. N.,<br><br>  Plaintiff,<br><br> vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | CASE NO. CV 19-3118-JVS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report") and Plaintiff's objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

The administrative law judge ("ALJ") found that Plaintiff was disabled due to his severe chronic pancreatitis as of March 4, 2014, the date he applied for disability insurance benefits and supplemental security income benefits. (Report at 2, 4.) For purposes of disability insurance benefits, the ALJ found that the date last insured was March 31, 2007. (*Id.* at 3.) Therefore, Plaintiff was not entitled to disability insurance benefits.

In his objections, Plaintiff argues that his physician, Dr. Carangal, diagnosed pancreatitis in 2006. Plaintiff does not, however, cite the certified administrative

record. Dr. Carangal's treatment records do not indicate any diagnosis of pancreatitis prior to the date last insured. AR 870-72, 875-77; Report at 5-8.

Plaintiff requests a hearing so that he can present testimony from Dr. Azarmehr, his physician since 2012. As the Report points out, this Court's review is limited to the evidence in the certified administrative record. 42 U.S.C. § 405(g). While the Court may remand this action for the review of additional evidence by the Commissioner, the Court may do so only on a showing that (1) there is new evidence which is material; and (2) there is good cause for the failure to incorporate such evidence in a prior proceeding. *Id.* Plaintiff's objections do not show either the existence of new and material evidence or good cause for his failure to present any such evidence before the ALJ. According to Plaintiff, Dr. Azarmehr began treating him in 2012, five years after the date last insured. The ALJ had medical experts testify about Plaintiff's medical records before the date last insured.

IT IS ORDERED that Judgment is entered for the defendant, the Commissioner of Social Security Administration.

DATED: November 30, 2020

_____
JAMES V. SELNA
United States District Judge